**SO ORDERED.**

**SIGNED this 27 day of May, 2010.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WILSON DIVISION**

IN RE:

| | |
|---|---|
| LINWOOD CLARKE PITTMAN | CHAPTER 13 |
| BERNADINE SMITH PITTMAN | CASE NO. 08-08662-8-RDD |

      DEBTORS

## ORDER DENYING MOTION TO SET ASIDE DISMISSAL

Pending before the Court is a letter sent by Linwood Clarke and Bernadine Smith Pittman (the "Debtors") to Robert Browning, Chapter 13 Trustee, which was subsequently docketed by the Court on January 15, 2010 as a Motion to Set Aside Dismissal (the "Motion") and the Trustee's Objection to Motion to Set Aside Dismissal filed by Robert R. Browning, Chapter 13 Trustee, on February 18, 2010 (the "Objection"). The Court conducted a hearing on the Motion and Objection in Wilson, North Carolina on April 13, 2010.

This case was dismissed on January 11, 2010 based on the Debtors failure to modify their chapter 13 plan of reorganization to satisfy the liquidation test requirement in Section 1325(a)(4). The Debtors filed the Motion seeking to set aside the dismissal. At the hearing, the Debtors also requested that the Court enter their discharge. Therefore, the Court will consider the letter as both a Motion to Set Aside the Dismissal and a Motion for Entry of the Discharge.

**Findings of Fact**

1. On December 4, 2008, the Debtors filed a voluntary petition[1] for relief under chapter 13 of the Bankruptcy Code.

2. On January 29, 2009, the Trustee filed a Motion for Confirmation seeking approval of the proposed chapter 13 plan of reorganization which provided for payments of $380.00 for term of 48 months.

3. On February 24, 2009, the Court entered an Order Confirming the Chapter 13 Plan.

4. On July 24, 2009, Lenita Webb, counsel of record for the Debtors at that time, sent a letter to Robert Browning, the chapter 13 trustee (the "Trustee") disclosing that Mrs. Pittman received two distributions from an attorney who had been holding funds in trust on behalf of Doris Smith, mother of the female debtor. The first distribution, in the amount of $25,000.00, was paid to Mrs. Pittman on December 17, 2008 and a second distribution of $39,000.86 was forwarded to her on April 13, 2009, all within 180 days of the filing of the chapter 13 petition on December 4, 2008.

5. Ms. Webb informed the Trustee that the Debtors proposed to pay off the balance due on their chapter 13 plan and a check in the amount of $13,622.81 was received by the Trustee on July 22, 2009.

6. Based on the disclosures in Ms. Webb's letter, the Trustee sent a letter to Ms. Webb and the Debtors requesting that the chapter 13 plan be modified to take into account the amounts received by Mrs. Pittman. The Trustee proposed that such modified plan would pay all creditors in

---

[1] A previous case of the Debtors, captioned as case no. 04-03521-8-RDD, was filed on May 3, 2004 and dismissed on May 1, 2008.

full and would provide for payments of $1,767.00 for 9 months (reflecting the $15,902.81 paid into the chapter 13 plan as of his letter) and then $1,055.00 for an additional 51 months.

7. In response to the letter of the Trustee, Ms. Webb filed a Motion to Modify the Debtors' confirmed chapter 13 plan and requested that the Debtors' payments be reduced to $340.48 a month for 48 months.

8. The Trustee objected to the Motion to Modify on the basis that the funds received by Mrs. Pittman were for an inheritance and, therefore, property of the estate pursuant to 11 U.S.C. § 541(a)(5)(A).[2]

9. On October 27, 2009, the Court conducted a hearing on the Motion to Modify and the Trustee's Objection thereto. Consistent with this Court's oral decision, an Order was entered on November 4, 2009 denying the Motion for Modification and determining that the proposed modification failed to satisfy the liquidation test set forth in Section 1325(a)(4) of the Bankruptcy Code.

10. On November 9, 2009, the Trustee filed a Motion to Dismiss based on the Debtors' failure to file a modified plan of reorganization. On November 25, 2009, the Debtors filed their response to the Motion to Dismiss. The response was subsequently withdrawn on January 8, 2010.

11. On January 11, 2010, based on the Debtors' failure to file a modified chapter 13 plan that would satisfy the requirements of the Bankruptcy Code, the Debtors' case was dismissed.

12. At the hearing on April 13, 2010, a copy of the state court documents related to the estate of Doris B. Smith, Mrs. Pittman's mother, were presented to the Court. Included as part of

---

[2]Inheritances are specifically addressed in Section 541(a)(5)(A) which provides that an inheritance interest acquired within 180 days after the petition date is considered property of the estate.

that file was the Application for Letters of Administration, the Order Authorizing Issuance of the Letters of Administration, the Oath and Affirmation of Diane Stokes, the Request for a Waiver of the Personal Representative's Bond, and the Inventory of the Decedent's Estate.  Mrs. Pittman is listed on the documents as one of the persons who is entitled to share in the decedent's estate.

13.  Also introduced into evidence was the voluntary dismissal, the civil summons, and the complaint that was filed in Halifax County, North Carolina against Bertie Ambulance Service, Inc. d/b/a Eastern Medical Transport and captioned as Diane Stokes, Guardian of the estate of Doris Smith. The state court proceeding was voluntarily dismissed on December 12, 2008, after a court ordered mediated settlement conference.

14.  Mr. Pittman offered two letters[3] into evidence from Philip R. Miller, III, Esquire, of the Wake County Bar Association, who represented Mrs. Pittman's mother and her estate in the civil action against Bertie Ambulance Service.

15.  The letter to Mrs. Pittman provides that "[u]nder the law of North Carolina[,] you and your siblings received equal shares of the settlement money" and that Mrs. Pittman received $64,900.86, as was disclosed to the Trustee in July 2009.

The evidence presented at the hearing clearly supports this Court's findings on October 27, 2009, and memorialized by the Order of November 4, 2009.  The funds received by Mrs. Pittman were properly characterized as an inheritance from the estate of Doris Smith, the mother of Bernadine Pittman, and therefore, are property of the estate pursuant to 11 U.S.C. 541(a)(5)(A).[4]

---

[3]The two letters are similar in content. One letter is addressed to Mrs. Pittman and references the lawsuit of her mother. The second letter, addressed to Mr. Pittman, discusses the claims of Doris Smith, Mrs. Pittman's mother.

[4] In addition, Doris Smith died on July 4, 2008. As of the date of death, Mrs. Pittman was an heir of the estate of Doris Smith. Therefore, Mrs. Pittman's interest in her mother's estate was

The Debtors have not produced any evidence that they have proposed, or intend to propose, a chapter 13 plan that satisfies the requirements of the liquidation test.  Furthermore, there has been no evidence presented that the Debtors, in fact, completed a chapter 13 plan that met the requirements of the Bankruptcy Code.

Therefore, the Motion to Set Aside Dismissal and the Motion for Entry of the Discharge are **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**

---

property of the bankruptcy estate at the time of the filing of the petition.  The pending cause of action against Bertie Ambulance Service was an asset of Mrs. Smith's estate.